**Billy HELM, Appellant,**

v.

**SCF, INC. and Missouri State Treasurer, Custodian, Second Injury Fund, Respondents.**

**No. WD 40284.**

Missouri Court of Appeals,
Western District.

Oct. 11, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 1988.

John B. Boyd, Connaughton & Boyd, Kansas City, James A. Rahm, Rahm & Crawford, Carrollton, for appellant.

David P. Macoubrie and R. Brent Elliott, Cleaveland, Macoubrie, Cox, Valbracht and Elliott, Chillicothe, for SCF, Inc.

Cynthia L. Turley, Robinson, Turley, Turley & White, Rolla, for Second Injury Fund.

Before, TURNAGE, P.J., and
SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Appeal from an award on a worker's compensation claim. The Labor and Industrial Relations Commission affirmed an award of 10% permanent partial disability to the body as a whole made by the Administrative Law Judge. The question on appeal is whether or not there was evidence an injury suffered in 1983 was to the same part of the body as an injury sustained in 1974.

In August of 1974 Helm sustained an injury to his back while employed by AMOCO Oil Company. This claim was settled in 1978 with an award to Helm based on 30% permanent partial disability to the body as a whole as a result of a back injury.

In May of 1983 Helm sustained an injury while working for SCF, Inc. A hearing was held on this claim. Medical evidence received at this hearing revealed that Helm had suffered an injury to his back and that he was suffering from a bulging disc at three spaces in his spine. There was evidence that he suffered permanent partial disability to the body as a whole of 40%. Helm testified that the 1983 injury was to the same part of his back as the 1974 injury. There was also medical evidence that he had not suffered 30% permanent partial disability from the 1974 injury but that in reality such injury produced a lesser degree of disability.

The ALJ found that the 1983 injury produced a permanent partial disability to the body as a whole of 40% but that Helm had already received disability based on 30% to the body as a whole due to his 1974 injury. The ALJ awarded Helm the remaining 10% of the permanent partial disability.

Section 287.190(6), RSMo 1986, provides: "Permanent partial disability" means a disability that is permanent in nature and partial in degree, and when payment therefor has been made in accordance with a settlement approved either by an administrative law judge or by the labor and industrial relations commission, a rating approved by an administrative law judge or legal advisor, or an award by an administrative law judge or the commission, the percentage of disability shall be conclusively presumed to continue undiminished whenever a subsequent injury to the same member or same part of the body also results in permanent partial disability for which compensation under this chapter may be due. . . .

Helm contends that the settlement which was approved after the 1974 injury, recited that Helm suffered an injury to his back without specifying what part of his back. Helm contends that there is no evidence in this case to pinpoint the 1974 injury and therefore it cannot be said that the injury in 1983 was to the same part of the body, as is required by § 287.190(6).

Helm overlooks his own testimony in this hearing in which he testified that the 1983 injury was to the same area of his back as the 1974 injury. In addition, there was medical evidence from which the Commission could find that the 1983 injury was to the same area of the back as the 1974 injury.

Section 287.190(6) provides that when the injury is to the same part of the body to which a percentage of disability has been attributed, that percentage is conclusively presumed to continue undiminished. In *Beck v. Kansas City Public Service Co.,* 48 S.W.2d 213, 215[3,4] (Mo.App.1932), this court stated:

A "conclusive presumption" of law is an inference which must be drawn from the proof of given facts which no evidence may overthrow; while a "rebuttable presumption" is an inference which obtains until overthrown by proof.

The conclusive presumption in the above section means that the rating of 30% permanent partial disability awarded in 1978 continues undiminished when another injury occurs to the same part of the body. With evidence that the 1983 injury was to the same part of the back as the 1974 injury it necessarily follows that the 30% rating given in 1978 continues undiminished. Under *Beck* that 30% cannot be reduced by evidence that in 1983 Helm suffered from less than a 30% permanent partial disability as a result of a 1974 injury. The 30% must be presumed to contin-

ue. While the ALJ erroneously admitted evidence that the 1974 injury provided less than 30% permanent partial disability such evidence cannot disturb the 30% rating.

The ALJ properly reduced the 40% rating in this case by the 30% previously found and made an award that Helm had suffered a 10% permanent partial disability to the body as a whole. This procedure was followed in *Kern v. General Installation*, 740 S.W.2d 691, 692 (Mo.App.1987).

The award was supported by competent evidence and is affirmed.